# PETERSON SAYLOR, PLC
### WWW.PETERSONSAYLOR.COM

GEORGE O. PETERSON
ATTORNEY AT LAW

GPETERSON@PETERSONSAYLOR.COM

10555 MAIN STREET, SUITE 320
FAIRFAX, VIRGINIA 22030
TELEPHONE: 703.225.3620
FACSIMILE: 703.225.3621

March 18, 2014

<u>*Via FEDERAL EXPRESS*</u>

Lisa Stancil
Beneficiary Support Representative
ExxonMobil Benefits Service Center
P.O. Box 199540
Dallas, Texas 75219-9722

      Re:   *Kenneth R. Wilson*
                *Social Security No. XXX-XX-9987*

Dear Ms. Stancil:

    As I mentioned during our telephone call on Friday, March 14, 2014, this Firm has been retained to represent Margarita I. Boyer ("Ms. Boyer") in connection with her claim for the ERISA-governed benefits payable upon the death of Kenneth R. Wilson ("Mr. Wilson"). There is no question that Mr. Wilson's ExxonMobil Savings Plan and any other ERISA-governed payments should be paid to Ms. Boyer.

    A review of the materials clearly demonstrates that Mr. Wilson not only intended to ensure Ms. Boyer was the sole beneficiary of his ERISA-governed benefits, but that he in fact complied with all requirements under ExxonMobil's plan documents to ensure that his clear intent was effectuated.

    Preliminarily, the Material Request Cover Letter "Cover Letter" dated February 14, 2007 sent to Mr. Wilson confirms that Mr. Wilson requested documents which would enable him to select and identify beneficiaries for his ERISA-governed benefits at that time. In addition to enclosing the requested documents, the Cover Letter referred Mr. Wilson to ExxonMobils's Summary Plan Descriptions for a "more detailed explanation of Plan provisions and procedures." A copy of the Cover Letter is attached as Exhibit 1.

    The February 14, 2007 Cover Letter enclosed a Beneficiary Designation Form for Retirement Plans, Employee Savings Plan and Life Insurance Plans ("Beneficiary Designation") attached to a form of instruction which provided express instructions to Mr. Wilson regarding



filling out the beneficiary designation form. The first page of the form of instruction states "**This designation will cover the Plans that you indicate and will take effect the date it is signed by you. It will supersede all previous designations for those marked Plans.**" (Emphasis added). A copy of the Form of Instruction is attached as Exhibit 2 ("February 14, 2007 Form of Instruction"). Mr. Wilson, consistent with those specific instructions, filled out the Beneficiary Designation on March 1, 2007 providing that Ms. Boyer was the sole beneficiary of all of Mr. Wilson's "Employee Benefits Plans." A copy of the Beneficiary Designation is attached as Exhibit 3 ("March 1, 2007 Designation"). According to the very clear February 14, 2007 Form of Instruction provided by ExxonMobil, Mr. Wilson's designation was effective "the date it [was] signed by [him]" and Mr. Wilson needed to do nothing more to ensure that all prior designations were revoked and that Ms. Boyer would be the sole beneficiary of his ERISA-governed benefits. There is no contrary instruction in the document.

As further confirmation and in accordance with the Cover Letter, a review of the Summary Plan Descriptions ("SPD") demonstrates that there is no provision in the SPD which conflicts with the Form of Instruction. In point of fact, the SPD is silent as to when the designation becomes effective. Given that, the express instructions in the February 14, 2007 Form of Instruction control as a reasonable person in Mr. Wilson's position would assume that the plain wording of the designation means what it says. Under those clear instructions, Mr. Wilson could have signed and dated the Beneficiary Designation on March 1, 2007, and passed away a mere second later and his designation of Ms. Boyer would have been fully effective to revoke all prior designations and ensure that Ms. Boyer would be the sole recipient of his benefits.

ExxonMobil, however, has advised that it cannot locate the March 1, 2007 Designation in its files and has asked Ms. Boyer, as the beneficiary, to locate some form of confirmatory document that the ExxonMobil Benefits Service Center received the March 1, 2007 Designation. Ms. Boyer, at present, cannot locate such a document. Regardless, there is nothing in the February 14, 2007 Letter Instructions accompanying the March 1, 2007 Designation or SPD which puts the onus on a beneficiary to provide a document they never would have received. Moreover, there is nothing in the Form of Instruction or SPD which would have put Mr. Wilson on notice to follow up with ExxonMobil if he had not received such a confirmatory document.

Despite the lack of instruction to an ordinary person in Mr. Wilson's position, we believe the evidence is entirely consistent with Mr. Wilson having sent the March 1, 2007 Designation to the ExxonMobil Benefits Service Center based on a number of facts. The inescapable conclusion to be drawn from these facts is that if ExxonMobil Benefits Service Center cannot locate the March 1, 2007 Designation, then it likely mishandled the designation. The relevant facts are as follows:

1. The documents attached as Exhibit 1, 2 and 3 were located among Mr. Wilson's paperwork in his home. The March 1, 2007 Designation (Exhibit 3) is a copy. The fact that it is a copy strongly indicates that Mr. Wilson did in fact send the original March 1, 2007 Designation to the ExxonMobil Benefits Service Center.

2. Mr. Wilson clearly made a previous attempt to ensure that Ms. Boyer was the sole beneficiary of his ERISA-governed plans in a February 27, 2006 Special Beneficiary Designation – Exxon Mobil Benefit Plans. A copy of which is attached as Exhibit 4 ("February 27, 2006 Designation"). Mr. Wilson certainly sent that form to ExxonMobil and, according to the date-stamp on Mr. Wilson's copy, it was received by ExxonMobil on March 1, 2006. On March 10, 2006, ExxonMobil issued a "Beneficiary Designation Denial" rejecting that form. A copy of the denial is attached as Exhibit 5. The reason stated for the rejection is that Mr. Wilson "did not indicated in (Section 2) the plan(s) for which [he wanted] this Special Beneficiary Designation to apply." It must be noted that the enclosed copy of the February 27, 2006 Designation does in fact indicate that Mr. Wilson wanted Ms. Boyer to be the beneficiary all of his Plans. You, however, indicated that your version does not have the box checked and we respectfully request a copy of what you have on file and any other correspondence related to the February 27, 2006 Designation. Nonetheless, the fact that Mr. Wilson clearly sent the original February 27, 2006 Designation to ExxonMobil demonstrates that he would have logically mailed the original March 1, 2007 Designation as well.

3. Consistent with his February 27, 2006 Designation and his March 1, 2007 Designation, Mr. Wilson carefully crafted his other estate planning to ensure that Ms. Boyer was the prime recipient of all of his assets which pass by beneficiary designation. For instance, contemporaneous with the February 27, 2006 Designation and the March 1, 2007 Designation, Mr. Wilson prepared a Trust Agreement on August 9, 2006. A copy of that Trust is attached as Exhibit 6. Upon his passing, he named Ms. Boyer as his successor trustee and called for specific bequests to twelve individuals and entities totaling $222,000. The remainder of his Trust, however, was left to Ms. Boyer. The value of the assets passing to Ms. Boyer included real estate with a tax assessed value of $596,490 and all remaining assets owned by Mr. Wilson. Accordingly, while Mr. Wilson was generous in the aggregate to others, his chief goal in his estate planning was to ensure that Ms. Boyer was taken care of.

Despite the clarity of Mr. Wilson's intent, it appears that ExxonMobil is potentially considering paying Mr. Wilson's ERISA-governed benefits on a much earlier and out-dated designation. I have not seen that particular designation, but believe that it named Mr. Wilson's deceased wife who was estranged from him at the time she passed away in the 1990s and then named her son, Paul T. Shaut, and granddaughter, Sara E. Shaut, as contingent beneficiaries. I respectfully request a copy of that out-dated designation to confirm. If that is the case, it is clear that Mr. Wilson intended to eliminate Paul and Sara as the beneficiaries of his ERISA-governed plans in favor of Ms. Boyer.

As you can see from Mr. Wilson's Trust, he did provide more modest bequests to Paul and Sara which is consistent with, at the time the Trust was executed, his intent to leave only a specified sum to each. But the substantial evidence from Mr. Wilson's friends and family members will demonstrate that by that time he was substantially estranged from Paul and Sara and consistently made representations to various persons that Ms. Boyer was the prime

Letter to Lisa Stancil
Re: *Kenneth R. Wilson*
March 18, 2014
Page 4

beneficiary of his estate planning, to include his ERISA-governed benefits. Mr. Wilson and Ms. Boyer were in a long-term relationship, and she was the prime object of his love and affection. Should you wish to consider such evidence in greater detail, we will be happy to line up sworn affidavits in support of those statements.

In sum, we believe the clear evidence demonstrates that Mr. Wilson intended and followed through on precisely what ExxonMobil's instructions required to ensure that Ms. Boyer would be the beneficiary of his ExxonMobil benefits. If, for some reason, the ExxonMobil plan documents are inconsistent with the clear instructions provided to Mr. Wilson for designating Ms. Boyer as his beneficiary, then we respectfully request that you highlight the applicable language. And even assuming, simply for the sake of argument, that ExxonMobil did not receive the March 1, 2007 Designation prior to Mr. Wilson's death (neither the instructions accompanying that designation nor the SPD required receipt prior to death) and the full Plan Documents add that requirement, its is clear that Mr. Wilson was in "substantial compliance" with any potential requirements as that term has been defined in *Phoenix Mutual Life Insurance Company v. Adams*, 30 F.3d 554 (4th Cir. 1994).

We appreciate your consideration of the foregoing. We are happy to provide any and all additional information you may require. In the interim, I would request the following information from you:

1. The full Plan Documents or, at the very least, any excerpts addressing the requirements for designating a beneficiary;

2. All beneficiary designations ExxonMobil has on file for Mr. Wilson; and

3. All correspondence to and from Mr. Wilson related to such beneficiary designations.

Very truly yours,

PETERSON SAYLOR, PLC

George O. Peterson, Esq.

Enclosures
    Exhibit 1: Material Request Cover Letter dated February 14, 2007
    Exhibit 2: Form of Instruction dated February 14, 2007
    Exhibit 3: Beneficiary Designation Form executed March 1, 2007
    Exhibit 4: Special Beneficiary Designation Form executed February 27, 2006
    Exhibit 5: Beneficiary Designation Denial dated March 10, 2006
    Exhibit 6: Kenneth R. Wilson Trust Agreement dated August 9, 2006

cc:    Margarita I. Boyer